IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

FAITH N. HILL,                        §
                                      §
     Plaintiff,                       §
                                      §
v.                                    §      CIVIL ACTION NO. H-11-4146
                                      §
THE TRAVELERS INDEMNITY               §
COMPANY and RICHELLE RHINE,           §
                                      §
     Defendants.                      §

MEMORANDUM AND ORDER

Pending is Plaintiff Faith Hill's Motion for Remand (With
Brief in Support) and Request for Costs and Expenses (Document
No. 8).  After carefully considering the motion, response, reply,
and the applicable law, the Court concludes that the motion should
be denied.

I.  Background

Plaintiff Faith N. Hill ("Plaintiff") was injured while in the
course and scope of her employment at Colorite Plastics on July 1,
2010.[1]  Defendant The Travelers Indemnity Company ("Travelers")
allegedly received Plaintiff's claim for worker's compensation and

---

[1] Document No. 1, ex. A ¶ 4.2 (Orig. Pet.).  Plaintiff
sustained an injury at her employer's shipping area when her right
leg was caught in a pallet, causing her to twist her right knee.
See Document No. 1, ex. B at 2 (Texas Dept. of Ins. Div. of
Workers' Comp. Decision).

placed Defendant Richelle Rhine ("Rhine") as the adjuster in charge of processing the claim.[2]  Plaintiff alleges that Rhine "caused to be filed a Plain Language Notice ("PLN") form with the Texas Department of Insurance, which created the direct result of ceasing and denying further medical and income benefits to Ms. Hill."[3]  Plaintiff claims that she proceeded through all the preliminary proceedings before the Texas Department of Insurance, securing a binding final determination in her favor ordering Travelers to pay her benefits.[4]  Plaintiff alleges that Rhine did not conduct a reasonable investigation, did not accept the undisputed evidence regarding Plaintiff's claim, and created pretextual reasons to deny and/or delay payment of the claim, which caused Plaintiff damages.[5]

Plaintiff sued in state court, alleging claims against both Defendants for violations of the Texas Insurance Code (unfair settlement practices under section 541.060 and misrepresentation under section 541.061) and the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE § 17.41 *et seq.*, and a claim against Travelers for breach of the duty of good faith and fair dealing;

---

[2] Id., ex. A ¶ 4.3.

[3] Id.

[4] Id., ex. A ¶ 4.4.  *See also* id., ex. B at 5 (Texas Dept. of Ins. Div. of Workers' Comp. Order for Travelers to pay benefits). Plaintiff represents that the final determination fully exhausted all necessary administrative remedies available to her.  Id., ex. A ¶ 4.4.

[5] Id., ex. A ¶ 4.5.

Plaintiff also seeks punitive damages for bad faith against both defendants.[6]

Defendants removed based on diversity, claiming that Rhine was joined improperly to defeat diversity jurisdiction.[7]  It is undisputed that The Travelers Indemnity Company is a citizen of Connecticut and that Plaintiff and Rhine are Texas citizens;[8] therefore, if Rhine was joined properly, the Court lacks diversity jurisdiction.  Plaintiff now moves to remand, asserting that: (1) the notice of removal was untimely filed;[9] and (2) Rhine was properly joined, and therefore this Court lacks diversity jurisdiction.

---

[6] Id., ex. A ¶¶ 6.1-9.2.

[7] Document No. 1 ¶ 13.

[8] Id. ¶ 12.

[9] Defendants assert, and Plaintiff does not contest, that service on Defendant Travelers was ineffective under Texas law because it was attempted by Plaintiff's counsel's receptionist. See Document No. 9 at 1.  The time for removal commences on formal service of process, "not by mere receipt of the complaint unattended by any formal service."  Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 119 S. Ct. 1322, 1325 (1999); accord Bd. of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Tel. Corp., 478 F.3d 274, 278 (5th Cir. 2007).  The first defendant to be served properly was Rhine, who was served on November 2, 2011; hence Defendants' Notice of Removal, which was filed on November 30, 2011, was timely. See 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within thirty days . . . .").

II.   Motion to Remand

A.   Improper Joinder Standard

To establish that a non-diverse defendant has been improperly joined, the removing party must prove either (1) actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff's inability to establish a cause of action against the non-diverse defendant.   Ross v. Citifinancial, Inc., 344 F.3d 458, 461 (5th Cir. 2003).   Here, Defendants do not assert that Plaintiff fraudulently pleaded jurisdictional facts, so only the second prong is at issue.  Under this prong, "[t]he court must determine whether there is arguably a reasonable basis for predicting that state law might impose liability" on the non-diverse defendant.   Id. at 462. A reasonable basis for state liability requires that there be a *reasonable* possibility of recovery, not merely a *theoretical* one. Id.   The Fifth Circuit has explained:

> [T]he standard for evaluating a claim of improper joinder
> is similar to that used in evaluating a motion to dismiss
> for failure to state a claim under Federal Rule of Civil
> Procedure 12(b)(6).   The scope of the inquiry for
> improper joinder, however, is broader than that for Rule
> 12(b)(6) because the court may "pierce the pleadings" and
> consider summary judgment-type evidence to determine
> whether the plaintiff has a basis in fact for the claim.

Campbell v. Stone Ins., Inc., 509 F.3d 665, 669 (5th Cir. 2007) (citing Ross, 344 F.3d at 462-63); *accord* Travis v. Irby, 326 F.3d 644, 648-49 (5th Cir. 2003).   Whether or not to "pierce the

pleadings" is discretionary, and may be appropriate in order to
identify the presence of discrete and undisputed facts that would
preclude a plaintiff's recovery against the non-diverse defendant.
Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 574 (5th Cir.
2004). The focus of this summary inquiry must be on whether the
defendants were improperly joined in order to defeat diversity, not
on the overall merits of the plaintiff's case. Id. at 573.

The party claiming fraudulent joinder bears a "heavy" burden
of persuasion. Id. All factual allegations in the state court
petition are considered in the light most favorable to the
plaintiff, Guillory v. PPG Indus., Inc., 434 F.3d 303, 308 (5th
Cir. 2005), and contested issues of fact and any ambiguities in
state law must be resolved in favor of remand. Gasch v. Hartford
Accident & Indem. Co., 491 F.3d 278, 281 (5th Cir. 2007).

B.    Analysis

Defendants assert that the case was properly removed because
"there is no reasonable possibility of recovery under section
541.061, or *any other theory*, against Richelle Rhine, the [in-
state] individual sued."[10] Plaintiff brings the following claims
against Rhine: (1) violations of section 541.060 of the Texas
Insurance code;[11] (2) violations of section 541.061 of the Texas

---

[10] Document No. 1 ¶ 16 (emphasis in original).

[11] Document No. 1, ex. A ¶¶ 6.2-6.5 (Orig. Pet.).

Insurance Code;[12] and (3) violations of Texas DTPA.[13]  The Court will

address each of these claims in turn, "consider[ing] the claims in

the state court petition as they existed at the time of removal."

Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th

Cir. 2002).

First, Plaintiff concedes that Texas Mutual Insurance Company

v. Ruttiger, --- S.W.3d ---, 2011 WL 3796353 (Tex. 2011), abrogated

her claims for unfair settlement practices under Texas Insurance

Code section 541.060.[14]  Ruttiger held that "a cause of action under

section 541.060 is incompatible with the provisions of the current

[Texas Worker's Compensation] Act."  2011 WL 3796353, at *6.  There

is therefore no reasonable basis to find that Plaintiff could

recover under that section of the Insurance Code.

---

[12] Id., ex. A ¶¶ 6.6-6.8.

[13] Id., ex. A ¶¶ 9.1-9.2.  Plaintiff asserts a claim for the
breach of the duty of good faith and fair dealing against only
Travelers and not against Rhine, although in a separate count
entitled "Punitive Damages for Bad Faith," she seeks punitive
damages from Rhine and Travelers.  Id., ex. A ¶¶ 7.1-8.2.  Under
Texas law, Plaintiff does not have a claim for a breach of the duty
of good faith and fair dealing against Rhine because she pleads no
contract or other special relationship with Rhine.  See Natividad
v. Alexsis, Inc., 875 S.W.2d 695, 697-98 (Tex. 1994) ("[W]e have
always recognized that in the insurance context, the duty of good
faith and fair dealing arises only when there is a contract giving
rise to a 'special relationship.'" (emphasis in original)).  There
is no reasonable possibility of Plaintiff recovering punitive
damages from Rhine.

[14] See Document No. 10 ¶ 3.

Second, although <u>Ruttiger</u> did not abrogate a cause of action for misrepresentation under section 541.061 of the Insurance Code, <u>id.</u> at *13, Plaintiff's petition merely recites sections of the insurance code and fails to allege a single misrepresentation attributable to Rhine individually. *See* <u>Alvarez v. Liberty Mut. Fire Ins. Co.</u>, 2011 WL 1100246, at *3 (S.D. Tex. Mar. 22, 2011) (Harmon, J.) (holding that a "near verbatim recitation of Chapters 541 and 542 of the Texas Insurance Code is insufficient" to support plaintiff's allegations against the adjuster); <u>Jimenez v. Travelers Indem. Co.</u>, No. H-09-1308, 2010 WL 1257802, at *2 (S.D. Tex. Mar. 25, 2010) (Harmon, J.) (finding improper joinder because "plaintiffs have failed to identify any actionable conduct by [the adjuster] because they have not identified any specific misrepresentations that [the adjuster] has made"); <u>First Baptist Church of Mauriceville, Tex. v. GuideOne Mut. Ins. Co.</u>, No. 1:07-CV-988, 2008 WL 4533729, at *6 (E.D. Tex. Sept. 29, 2008) (Hines, M.J.) (finding petition merely listing violations of the Insurance Code did not state a claim against the adjuster because "[u]ltimately, all allegations are conclusory, wholly lacking specific factual support, and merely assert that [the adjuster] violated the Texas Insurance Code"); *see also* <u>Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.</u>, Civ. A. No. H-09-1728, WL 3602043, at *3 (S.D. Tex. Oct. 27, 2009) ("near verbatim recitation of portions of Chapters 541 and 542 of the Texas

7

Insurance Code" without "facts illustrating what actions are attributable to [the adjuster] individually" does not provide a reasonable possibility of recovery) (citations omitted). Plaintiffs must put defendants on fair notice of the allegations against them, not require defendants to "glean" the factual basis of such allegations from a list of ambiguous legal conclusions. *See* Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co., 4:09-cv-165-A, 2009 WL 1437837, at *3-4 (N.D. Tex. May 22, 2009) (McBryde, J.) (finding allegations that listed Insurance Code provisions and asserted that "defendants" violated such provisions were "legal conclusions couched as factual allegations," which do not provide a reasonable possibility of recovery).[15]   In sum, Plaintiff's original petition does not provide a reasonable basis for recovery against Rhine on Plaintiff's misrepresentation claims under section 541.061 of the Texas Insurance Code.

Third, because Plaintiff has not stated any viable claim against Rhine under the Texas Insurance Code, she cannot recover on her tie-in claims under the DTPA based on alleged Insurance Code violations. *See* Ruttiger, 2011 WL 3796353, at *14.  Moreover, to the extent that Plaintiff brings an independent claim based on unconscionability under the DTPA, that claim also fails because Plaintiff is not a consumer as defined by that statute and

---

[15] Although Plaintiff's petition includes a section entitled "Conduct of Defendant Rhine," there is no mention of any misrepresentation allegedly made by Rhine.

therefore lacks standing to sue. *See* <u>Rodriguez v. Tex. Emp'rs' Ins. Assoc.</u>, 598 S.W.2d 677, 678 (Tex. Civ. App.--Fort Worth 1980, writ ref'd n.r.e.); <u>Moore v. Travelers Indem. Co.</u>, No. 3:10-CV-1695-D, 2010 WL 5071036, at *4-5 (N.D. Tex. Dec. 7, 2010) (Fitzwater, C.J.) (holding that an injured worker is not a consumer and therefore lacks standing to sue under the DTPA); *see also* <u>Effinger v. Cambridge Integrated Servs. Grp.</u>, No. 10-20630, 2011 WL 3823496, at *2 (5th Cir. Aug. 20, 2011) (unpublished) ("Although an employee receives the benefits of the workers' compensation insurance, the DTPA protections offered do not extend to the employee. Rather, the DTPA protects the party that purchased or leased the insurance policy in question." (citations omitted)). In sum, Plaintiff has alleged no cause of action for which there is a reasonable basis for recovery against Rhine.

Plaintiff asserts, apparently in the alternative, that even if she has no reasonable possibility of recovering against Rhine, the case should nonetheless be remanded under <u>Smallwood v. Illinois Central Railroad Co.</u>, 385 F.3d 568 (5th Cir. 2004). In <u>Smallwood</u>, the Fifth Circuit held that when the grounds for finding that there is no reasonable basis for recovery against the in-state defendant would equally dispose of all claims against the diverse defendants, the entire case should be remanded because, "there is no improper joinder; there is only a lawsuit lacking merit." <u>Id.</u> at 574. The principle in <u>Smallwood</u> is implicated only when the common defense

asserted would be equally dispositive of *all* claims against *all* defendants. McDonal v. Abbott Labs., 408 F.3d 177, 184 (5th Cir. 2005); Rainwater v. Lamar Life Ins. Co., 391 F.3d 636, 638 (5th Cir. 2004). As observed above, Plaintiff has pled against Travelers a claim for breach of the duty of good faith and fair dealing, which Plaintiff did not and had no basis to allege against Rhine, and which therefore renders Smallwood inapplicable. *See* Broadway v. Brewer, No. 4:08CV475, 2009 WL 1445449, at *3 (E.D. Tex. May 21, 2009) (Bush, J.).

Because Rhine was improperly joined as a defendant in this case, her citizenship is disregarded and Plaintiff's Motion to Remand is denied.

### III.  Order

Based on the foregoing, it is

ORDERED that Plaintiff Faith Hill's Motion for Remand and Request for Costs and Expenses (Document No. 8) is in all things DENIED, and Defendant Richelle Rhine is DISMISSED as a Defendant because she was improperly joined.

The Clerk shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas, on this 24TH day of February, 2012.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

10